IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : CASE NO. 1:CR-13-CR-131 |
| | : |
| **v.** | : |
| | : |
| **HECTOR RENGIFO** | : |

## **M E M O R A N D U M**

### I.     **Background**

On June 26, 2013, a grand jury indicted Hector Rengifo with distribution of heroin from January 2012 through February 2013, in violation of Title 21 U.S.C. § 841(a)(1). On February 16, 2014, Rengifo filed a motion to suppress statement and evidence (Doc. 42). On February 27, 2014, Rengifo filed a brief in support of his motion (Doc. 48). The Government filed a response to the motion on March 9, 2014 (Doc. 52). A hearing was held on the motion to suppress on March 13, 2014. Subsequent to the hearing, Defendant filed an additional brief in support of the motion to suppress to which the government has responded. Thus, the matter is ripe for disposition.

### II.    **Argument**

Rengifo argues that the affidavit of probable cause to support the issuance of a search warrant was defective. In particular, Rengifo argues that the reliability of the informant used in this case was not corroborated or reliable.

**III.     Facts**

Pennsylvania State Police Officer Shawn Wolfe, assigned to the Troop H Vice and Narcotics Unit, was the first government witness to testify at the March 13, 2014 hearing. Trooper Wolfe has been involved with drug investigations since 2007. He was one of the affiants and the case officer in the investigation involving Rengifo. (Transcript of Suppression Hearing (Doc. 57) at 5.) On February 2, 2013, Wolfe was attempting to conduct a controlled purchase of heroin from the residence of 709 West Market Street, Third Floor Apartment, York, Pennsylvania. (Doc. 57 at 6, 7.) Trooper Keppel testified that, prior to this controlled buy, other controlled purchases were from with Rengifo by cooperating informants from January 2012 until February 6, 2013. (Doc. 57 at 35-36.)

A confidential informant made a contact with Rengifo through telephone number 668-6307 and arranged for the purchase of heroin. (Doc. 57 at 7.) Prior to the controlled purchase, the confidential informant was searched to assure that no contraband was on his or her person; was given marked bills, and was always in the view of either Trooper Wolfe or Trooper Keppel. (Doc. 57 at 7, 37.) Wolfe testified that he took up a position where he could observe the rear portion of 709 West Market Street, York, Pennsylvania. (Doc. 57 at 7.) He observed Rengifo exit a third floor west apartment door, walk down steps, and interacted with the confidential informant in what appeared to be an exchange. Rengifo then returned to the apartment. The confidential informant turned over to the troopers ten bags of heroin. (Doc. 57 at 9.) As a result, steps were taken to obtain a search warrant.

The warrant was executed on February 6, 2013 at about 6:05 a.m. by Troopers Keppel and Wolfe. At that time, Rengifo was present, drugs were found in pants belonging to Rengifo, and scales, bags, and drug paraphernalia were found in

the apartment. (Doc. 57 at 27.) At some point during the search, Rengifo volunteered his desire to cooperate with the police. (Doc. 57 at 28.) No one interrogated Rengifo while at his residence. (Doc. 57 at 29.) There is no evidence refuting this testimony.

**IV.      Discussion**

The government cites to *United States v. Heilman*, 377 Fed. Appx. 157 (3d Cir. 2010), which this court finds is right on point to the instant case. The Third Circuit held that an informant's reliability is established by the controlled purchase, and stated:

> Although the affidavit here lacks significant discussion about [the informant's] reliability, that fact alone does not compromise the District Court's finding of probable cause. The warrant affidavit relied on the CI's participation in a controlled buy to establish probable cause, not on a tip from the CI. Controlled purchases by informants are distinct from informants' tips – purchases in fact can be the sort of reliable indicia that corroborates a tip. Because the court relied on the controlled purchase engaged in by the CI, rather than any information from the CI to find probable cause, [the defendant's] concerns about the CI's reliability are irrelevant.

*Id*. at 193.

Contrary to *Heilman*, Defendant argues that the warrant affidavit was void of any facts evidencing the reliability of the confidential informant. Defendant claims that the affidavit omitted certain information relied upon by the police, including that the confidential informant observed or heard that other individuals had purchased illicit narcotics from Defendant (Doc. 63 at p. 4), and that the confidential informant had acted in that same capacity for the police in the past (*id*. at p. 5). This information was unnecessary under *Heilman*. The drug buy itself proved the veracity of the confidential informant's statement. *Heilman* controls the facts of this case, and Rengifo cites no case to the contrary.

Based on the testimony at the hearing, this court finds that the search warrant was valid. The evidence seized from the search will not be suppressed. Any statement made by Rengifo allegedly based as fruits of the poisonous tree will not be suppressed.

In addition, the record before this court does not support Rengifo's allegation that he was questioned without being given his *Miranda* warnings but rather that he volunteered a statement during the search of his apartment and that no questions were asked of him. Once Rengifo was transported to the command center, he was read his *Miranda* rights (Doc. 57 at 40), which he waived (Doc. 57 at 41), and was interrogated. There was no written record or recording of Rengifo being *Mirandized*, but there is no refutation of its taking place. (Doc. 57 at 43.)

**V.**     **Conclusion**

The motion to suppress will be denied. An appropriate order will be issued.

                                                              s/Sylvia H. Rambo
                                                              United States District Judge

Dated: March 31, 2014.