IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Crim. No. 1:13-cr-131 |
| | : | |
| v. | : | |
| | : | |
| **HECTOR RENGIFO** | : | Judge Sylvia H. Rambo |

# **M E M O R A N D U M**

Before the court is Petitioner Hector Rengifo's *pro se* motion filed pursuant to 28 U.S.C. § 2255 in which he seeks to have his sentence vacated, set aside, or corrected. The petition raises allegations of incompetency of counsel. For the reasons set forth herein, the motion will be denied.

## I. **Background**

At sentencing, the court found that Rengifo was a career offender under USSG § 4B1.1 because he had two prior drug trafficking convictions. The first was a 1999 conviction for Possession with Intent to Deliver a Controlled Substance in the York County Court of Common Pleas, Docket No. CP-67-CR-3609-1998, which arose from a May 20, 1998 traffic stop in which Rengifo was arrested with seven individually packaged bags of marijuana ("the 1999 conviction"). (PSR ¶ 31.) The second was a 2007 conviction for Criminal Conspiracy to Possession with Intent to Deliver a Controlled Substance, York County Court of Common Pleas, Docket No. CP 67-CR-1107-2007, which arose from a January 13, 2005 search of

Rengifo's residence where fifteen individually packaged bags of cocaine, a larger bag of cocaine, packaging material, and loaded 12 gauge shotgun were recovered ("the cocaine trafficking conviction"). (PSR ¶ 33.)

In his § 2255 motion, Rengifo argues that trial and appellate counsel were incompetent for failing to argue that the 1999 conviction does not qualify as a predicate offense under USSG § 4A1.2(e). He sets forth two reasons for this argument: (1) the conviction does not qualify as a prior conviction under the time period rules of USSG § 4A1.2(e), *i.e.*, the "lookback period," and (2) the conviction does not qualify as a "serious drug offense," and was instead a conviction for possession of a small amount of marijuana for distribution and not for sale, under 35 Pa. C.S. §780-113(a)(31).

Rengifo further argues that both counsel were incompetent for failing to raise the issue that his 1999 conviction should not qualify because he entered the plea in the absence of his counsel.

## II. <u>**Standard for Incompetency of Counsel**</u>

To prevail on a claim of ineffective assistance of counsel, a petitioner must establish that (1) the performance of trial counsel fell below an objective standard of reasonableness, and (2) the performance of counsel unfairly prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687-88, 691 (1984). Both

prongs must be established. *George v. Sively*, 254 F.3d 438, 443 (3d Cir. 2001) (citing *United States v. Nino*, 878 F.2d 101, 104 (3d Cir. 1989)).

The first *Strickland* prong requires the defendant to "establish . . . that counsel's performance was deficient." *Jermyn v. Horn*, 266 F.3d 257, 282 (3d Cir. 2001). Proving a deficiency in conduct "requires showing that counsel was not functioning as 'counsel' guaranteed by the Sixth Amendment." *Id.* (quoting *Strickland*, 466 U.S. at 687) (internal quotations omitted). "In assessing counsel's performance, 'every effort [must] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.'" *Id.* "That is to say, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* (quoting *Berryman v. Morton*, 100 F.3d 1089, 1094 (3d Cir. 1996) (quoting *Strickland*, 466 U.S. at 689)). It is well settled that the benchmark for judging any claim of ineffectiveness of counsel is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686.

The second prong of *Strickland* requires a defendant to show that counsel's performance unfairly prejudiced the defendant, meaning that counsel's errors were so serious as to deprive the defendant of a trial whose result is reliable.

3

*Id.* It is not enough to show that the error had some conceivable effect on the outcome of the proceeding, for virtually every act or omission would meet such a test. *Id.* Rather, the defendant must show there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different. *Id.* at 694. A reasonable probability is sufficient to undermine confidence in the outcome of the trial. Id. Effectiveness of counsel applies to advise given by counsel during guilty plea discussions. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985); *United States v. Booth*, 432 F.3d 542, 547 (3d Cir. 2005).

### III. <u>Discussion</u>

#### a. The Lookback Period

After sentencing, Rengifo filed a direct appeal raising the issue that his 1999 conviction exceeded the lookback time period. The Third Circuit found that the conviction was appropriately counted as a prior offense and affirmed the judgment of sentence. *United States v. Rengifo*, 832 F.3d 220 (3d Cir. 2016). Because §2255 "may not be employed to litigate issues that were raised and considered on direct appeal," this issue is without merit. *United States v. De Rewal*, 10 F.3d 100, n.5 (3d Cir. 1993) (quoting *Barton v. United States*, 741 F.3d 265, 267 (2d Cir. 1986)).

**b. Trafficking Element**

Rengifo further argues that the 1999 conviction failed to have a "trafficking element" because the offense involved only a small amount of marijuana for distribution and not for sale, and was really a conviction under 35 Pa. C.S.A. § 780-113(a)(31). As such, he argues that the conviction did not qualify as a predicate offense under the career offender guideline.

The records reflect that Rengifo pled guilty to 35 Pa. C.S. § 780-113(a)(30), which reads:

> Except as authorized by this act, the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, or knowingly creating, delivering or possessing with intent to deliver, a counterfeit controlled substance.

35 Pa.C.S. §780-113(a)(30). The career offender guideline defines a "controlled substance" as:

> [A]n offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit controlled substance) or the possession of a controlled substance (or a counterfeit substance) with the intent to manufacture, import, export, distribute or dispense.

U.S.S.G. § 4B1.2(b). Under 35 Pa.C.S. § 780-102, delivery is defined "as the actual, constructive or attempted transfer from one person to another of a controlled substance, other drug, device or cosmetic whether or not there is an

5

agency relationship." Neither U.S.S.G. § 4B1.2(b) nor 35 Pa.C.S. § 780-113(a)(3) requires distribution for remuneration.

Furthermore, the transcript of Rengifo's plea clearly reflects that he was convicted of a violation of 35 Pa.C.S. § 780-113(a)(30), possession of marijuana with intent to sell:

> Court: You are charged then with possessing marijuana with intent to deliver. They allege that that occurred on May the 20th, 1998. DO you want to briefly tell me how you got arrested? What happened?
>
> Rengifo: We got pulled over, and the police officer searched the vehicle and found a bag of marijuana.
>
> Court: Okay. And what were you going to do with the marijuana?
>
> Rengifo: I was going to *sell it*.
>
> Court: We'll accept the plea.

(Doc. 136-1, App. 63) (emphasis added).

Counsel cannot be found ineffective for not raising an issue that has no merit.

### c. Counsel's Presence at Plea Proceeding

The transcript of Rengifo's plea proceeding reflects that David E. Cook, Esquire, defense counsel, was present. (Doc. 136, p. 35.) Rengifo asserts that the stenographer was in error. As the Supreme Court set forth in *Daniels v. United States*, 532 U.S. 374, 382 (2000), a defendant may not use a § 2255 motion to

6

collaterally attack a prior conviction that was used to enhance his sentence. Thus, this issue is also without merit.

III. **Conclusion**

In his traverse, Rengifo continues to argue that the 1999 conviction should not be deemed to be a predicate offense and that the lookback time that led to his sentence exceeding the 12 month original sentence was in error. These issues were addressed by the Court of Appeals.

For the reasons set forth above, Rengifo has not met his burden of proof that trial and appellate counsel were incompetent. The motion filed pursuant to 28 U.S.C. § 2255 will be denied.[1]

                                                s/Sylvia H. Rambo
                                                SYLVIA H. RAMBO
                                                United States District Judge

Dated: October 18, 2017

---

[1] On August 10, 2017, Rengifo filed in the Clerk of Court's office a motion requesting summary judgment. He avers that the motion was placed in the prison mailbox on August 3, 2017. He states that, since the respondent did not file a response by the court ordered date of July 6, 2017, and therefore has not presented disputed issues of material fact, his petition should be granted. However, the government filed its response on August 4, 2017 setting forth genuine issues of material fact. Rengifo has filed a traverse to this response and in that traverse has not raised the issue of the timeliness of the government's response. This court will therefore infer that the motion for summary judgment is deemed withdrawn. In the alternative, the motion is denied.