IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | Civil No. 1:13-CR-00131 |
| | : | |
| v. | : | |
| | : | |
| **HECTOR RENGIFO,** | : | |
| | : | |
| **Defendant.** | : | Judge Sylvia H. Rambo |

# **M E M O R A N D U M**

Before the court is Defendant Hector Rengifo's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (Docs. 163, 169.) For the reasons set forth below, the motion will be denied.

## **I.    BACKGROUND**

In June 2013, a grand jury returned a one-count indictment charging Mr. Rengifo with distribution and possession with intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1). (Doc. 95 ¶ 2; Doc. 82.) The charge arose from a series of controlled heroin purchases from Mr. Rengifo which, together with heroin found in his home, totaled 3.56 grams. (Doc. 95, ¶¶ 5-9.)

In August 2014, Mr. Rengifo pled guilty to the charge. His sentencing guidelines range was calculated as 151-188 months' imprisonment, due in part to his career offender classification arising from a 1998 conviction for possession with intent to deliver marijuana and a 2006 conviction for conspiracy to possess with

1

intent to deliver cocaine. In March 2015, this court granted Mr. Rengifo a downward departure of one level and a downward variance of two levels and sentenced him to a term of imprisonment of 120 months. (Doc. 107, p. 2.)

On April 9, 2020, Mr. Rengifo filed a *pro se* motion for a reduction in sentence due to the current COVID-19 pandemic. (Doc. 163.) The same day, this court appointed the Office of the Federal Defender for the Middle District of Pennsylvania as counsel for Mr. Rengifo and ordered it "to promptly determine whether Hector Rengifo is potentially eligible for the requested relief and, if so, to file any appropriate motion on defendant's behalf." (Doc. 164.)

On April 16, 2020, Mr. Rengifo submitted a request to the warden at FCI-Beckley, where he is currently incarcerated, for a reduction in his sentence. (Doc. 169-2.) On April 27, 2020, the warden denied the request. (Doc. 167.)

On June 12, 2020, Mr. Rengifo filed, through counsel, a brief in support of his motion for compassionate release and reduction in sentence under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A). The government filed a response in opposition to the motion (Doc. 175) and Mr. Rengifo filed a reply (Doc. 180). The matter is thus ripe for disposition.[1]

---

[1] The court has also reviewed and considered multiple supplements submitted by Mr. Rengifo to his motion. (*See* Doc 169, p. 4 of 11; Docs. 163, 165-67, 182-83.)

## II. **STANDARD OF REVIEW**

Under 18 U.S.C. § 3582(c)(1)(A), a defendant may move the sentencing court to reduce his or her term of imprisonment. To do so, the defendant must first request that the Bureau of Prisons file such a motion on his or her behalf, and may only move after he or she has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A).

If the defendant complies with this exhaustion requirement, the court may reduce his or her term of imprisonment, after considering the factors set forth in 18 U.S.C. § 3553(a), if the court finds that extraordinary and compelling reasons warrant such a reduction, and that the reduction is consistent with the applicable policy statements by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A)(i). Under the Sentencing Commission's relevant policy statement, the court must also find that the defendant is not a danger to the safety of any person or the community as provided in 18 U.S.C. § 3142(g). USSG § 1B1.13.2 Medical conditions that qualify as "extraordinary and compelling reasons" include:

> (1) suffering from a serious physical or medical condition,
> (2) suffering from a serious functional or cognitive impairment, or
> (3) experiencing deteriorating physical or mental health because of the aging process

3

>that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

USSG § 1B1.13, cmt. n.1(A)(ii).

Under 18 U.S.C. § 3553(a), the court considers multiple factors, including, among other things, (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) "the need for the sentence imposed…to protect the public from further crimes of the defendant"; (3) "the need for the sentence imposed…to afford adequate deterrence to criminal conduct"; and (4) "the need for the sentenced imposed…to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." The burden rests with the defendant to show that a reduction in sentence is proper. *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016); *United States v. Green*, 764 F.3d 1352, 1356 (11th Cir. 2014).

### III. DISCUSSION

Mr. Rengifo's motion seeks his compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). Mr. Rengifo today is 47 years-old, suffers from diabetes, and has a history of hyperlipidemia, diverticulosis, and asthma. He argues that these illnesses place him at increased risk of suffering complications from COVID-19 should he become infected with the virus, and that his sentence should accordingly be reduced under the compassionate release statute.

Though it has become well-accepted that individuals suffering from diabetes and asthma face an increased risk from the virus, no inmate or staff member at FCI-Beckley has tested positive for COVID-19,[2] and nothing in the record indicates that Mr. Rengifo's medical conditions are deteriorating or that adequate treatment is not currently available to him.[3] *See United States v. Riley,* No. 1:18-CR-75, 2020 WL 3412704, at *4 (M.D. Pa. June 22, 2020) ("[W]e cannot conclude that the possibility that the COVID-19 virus might reach FCI Williamsburg—whether on its own or in combination with Riley's [diabetes]—is an 'extraordinary and compelling' reason for release."). Moreover, the government's submission shows that the Bureau of Prison is taking serious its obligation to ensure inmate safety through a series of screening and isolation procedures. (Doc. 175, pp. 9-13.) *See generally United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).

The court nevertheless recognizes the seriousness of current pandemic and the health risks that Mr. Rengifo's conditions could present. Still though, even if Mr. Rengifo's circumstances were sufficient to constitute extraordinary and compelling reasons for release, weighing them alongside the factors outlined in 18 U.S.C. § 3553(a) demonstrates that a reduction in sentence is not appropriate in this case. Mr.

---

[2] *See* Federal Bureau of Prisons, COVID-19 Coronavirus, https://www.bop.gov/coronavirus/ (last visited July 16, 2020).

[3] On April 27, 2020, Mr. Rengifo received a chest x-ray and the radiologist found "[n]o acute cardiopulmonary disease. Lungs are clear." (Doc. 178, p. 39 of 41.)

Rengifo's underlying crime—selling heroin—was serious. The offense may not have implicated substantial quantities of the substance, but it did involve multiple heroin sales over the course of more than a year which, in light of Mr. Rengifo's prior convictions for intent to distribute cocaine and marijuana, display a troubling pattern of selling drugs. The court is thus of the view that the nature and circumstances of the offense and the history and characteristics of the defendant counsel against reducing Mr. Rengifo's sentence by almost one-third.

The need for adequate deterrence and to protect the public from further crimes also counsels against reducing Mr. Rengifo's sentence. In addition to Mr. Rengifo's convictions related to drug dealing, he has a history of gang membership as recent as 2009, as well as a lengthy criminal history spanning decades that has resulted in his incarceration on at least thirteen different occasions. (*See* Doc. 95, ¶¶ 26-40, 55.) Though some convictions were more serious than others—and some were quite serious (*see e.g.*, *id.*, ¶ 34)—Mr. Rengifo has nevertheless repeatedly reoffended. Moreover, while Mr. Rengifo has shown commendable dedication in completing various personal wellness and education courses during his current term of incarceration (Doc. 163), he participated in a prison fight just last year (Doc. 178-2), signaling to this court that his violent past is not completely behind him. Given all this, continued incarceration is necessary to provide adequate deterrence, to protect the public from future crimes, and to minimize the prospect of any eventual

recidivism. Accordingly, reducing Mr. Rengifo's sentence by almost one-third under the compassionate release statute is not appropriate.

## IV. CONCLUSION

For the reason set forth above, Mr. Rengifo's motion for compassionate release will be denied. An appropriate order shall follow.

*/s/ Sylvia H. Rambo*  
SYLVIA H. RAMBO  
United States District Judge

Dated: July 22, 2020